■ In the Matter of PAUL ALBERT et al., Appellants, v. JAMES E. ALLEN, JR., as Commissioner of Education et al., Respondents. In the Matter of STANLEY L. RIDDETT et al., Appellants, v. JAMES E. ALLEN, JR., as Commissioner of Education, et al., Respondents.— REYNOLDS, J. Appeal from orders and judgments of the Supreme Court, Albany County, in proceedings pursuant to article 78 of the CPLR dismissing appellants' petition on the merits. Appellants, all of whom took and failed the April 1, 1964 examination for the licensing of Chiropractors, seek to have their failing grades set aside on the grounds that the respondents failed to comply with requisite statutory procedures and otherwise acted arbitrarily in the preparation and grading of the examinations. Previously we held in these cases that the petitions were sufficient to require answering (*Matter of Albert* v. *Allen*, 23 A D 2d 456; *Matter of Riddett* v. *Allen*, 23 A D 2d 458) and they are thus now before us on the merits. The first and most basic contention raised is whether respondents were required to provide different examinations in the practice of Chiropractic for different classes of applicants. The Trial Term held that there was no such requirement and we believe rightly so. The statutory description of the examinations to be given while differing slightly in wording do not indicate any basic difference as to purport (cf. Education Law, § 6556, subd. 1, par. g; § 6556, subd. 2, par. b; § 6556, subd. 3, par c; § 6552, subd. 1). By contrast the statutory prescription as to the examinations for the various classes of applicants in the so-called basic subjects clearly indicate divergent standards (cf. again, Education Law, § 6556, subd. 1, par. g; § 6556, subd. 2, par. b; § 6556, subd. 3, par. b; § 6552, subd. 1). Thus while the total scope of examinations given to each class is obviously to be different, we find no compelling reason why the specific examination in chiropratic practice could not be the same for all applicants. Furthermore, since this area involves questions of professional technique rather than specific factual questions such as in anatomy or chemistry those with more experience should presumably be able to do better than those who have freshly graduated from professional school. Finally, it should be noted that this area, above all others since it deals with the basic practice of the profession, is one in which some basic uniformity of standard is desirable. Appellants next contend that the respondents violated the statutory directive by giving the same examination in anatomy and physiology to all applicants required to take such an examination. As noted above, the statutory directions with respect to the examination in the basic subjects differ according to the classification of the applicant. Those with 7 to 15 years'

experience are required to pass an examination "in the fundamentals of anatomy and physiology" (Education Law, § 6556, subd. 2, par. b), while those with less than 7 years must pass an exam in the basic subjects of anatomy, physiology, chemistry, etc. (Education Law, § 6552, subd. 1; § 6556, subd. 3, par. b). Respondents admit giving the same examination but assert that the test was based solely on "fundamentals", despite the fact that section 6507 provides for a "thorough examination" for those with less than two years' experience. Respondents state that the passing grade level for each category of applicants was adjusted depending on the time elapsed since their formal education. We cannot agree with the court below that such an adjustment satisfied the statutory objectives. As we stated in *Matter of Riddett* v. *Allen* (*supra*, p. 460) : "It seems reasonably clear that the purpose of different categories, based upon years of experience, was not to subject these applicants to a test suitable for a medical or chiropractic examination for a graduate of a professional school seeking admission to practice but rather to test the applicant to ascertain if, from his years of experience, he remained competent to continue to practice in a newly designated profession. There is a valid and real distinction between such applicants as recognized by the Legislature in setting forth different examination requirements based primarily upon years of experience." A "thorough" examination question and one designed to test "fundamentals" cannot be considered equivalent and a mere adjustment of passing standards cannot create statutory compliance. Accordingly, separate examinations are required for those covered by section 6552 and section 6556. We see no reason, however, why the same examination in anatomy and physiology could not be given to all applicants under section 6556 since this section unlike section 6552 is not subject to section 6507. Appellants' remaining contention centers on the questions themselves. We agree with the trial court that respondents' procedure in discarding questions found ambiguous, rather than crediting all possible correct answers, was not arbitrary or capricious. Similarly, we find nothing arbitrary or capricious in the Department of Education delegating the selection of appropriate questions to the Professional Examination Service of the American Public Health Association. Nor do we feel that the issue of the appropriateness of a particular question to the chiropractic profession is reviewable. Appellants allege also, however, that the examination as finally graded still contains many ambiguous questions. Concededly, much of this alleged ambiguity is due to the divergent schools of thought in chiropractic but the examination did not specify any particular school of thought on which answers would be judged and thus in accordance with *Matter of Acosta* v. *Lang* (13 N Y 2d 1079) a trial must be held to determine whether the choice of the best answers to disputed questions was arbitrary and capricious. Finally, it is suggested that the conversion of essay questions submitted to respondents pursuant to subdivision 2 of section 6552 into objective questions was improper in that subdivision 2 of section 6552 directs the use of "the questions prepared". Since this statute seems clear and since there is no provision to authorize a change in the form of the questions from an essay to a less flexibly evaluated form we must agree as to those applicants covered by section 6552. As to those applicants, however, covered by the various subdivisions of section 6556, which are not subject to subdivision 2 of section 6552 and which instead provide that the examinations are to be "prepared by the department", we find no basis to disturb the selection of the form of the questions. Orders and judgments reversed, on the law, and matter remitted to Special Term for a hearing and further proceedings not inconsistent herewith, with one bill of costs to appellants. Gibson, P. J., Herlihy and Brink, JJ., concur with Reynolds, J.